# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MICHELLE BOATENG, on behalf of herself and all those those similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO.: _____ |
| v. | ) ) Collective Action – |
| RETIREMENT CORPORATION OF AMERICA PARTNERS, L.P., LEISURE CARE LLC, FORMATION DEVELOPMENT GROUP, LLC, HR ONE SERVICES, INC., AND THE CARLYLE GROUP L.P. | ) ) pursuant to 29 U.S.C. § 216(b) ) ) ) ) ) ) |
| Defendants. | ) ) |

## **COMPLAINT**

PLAINTIFF MICHELLE BOATENG, on behalf of herself and all those similarly situated who consent to representation, asserts claims under the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq*. ("FLSA") for unpaid compensation for all hours worked, liquidated damages, reasonable expenses of litigation and attorneys' fees, on the grounds set forth below.

## *Jurisdiction and Venue*

1. This Court has subject-matter jurisdiction over PLAINTIFF'S claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States. Subject-matter jurisdiction is also conferred upon this Court by 29 U.S.C. § 216(b) and by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce.

2. Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

## *The Parties*

3. PLAINTIFF was an employee at the Renaissance on Peachtree, an assisted living community located in Atlanta, Georgia, from approximately April 2011 to November 2011 and she was a resident of Gwinnett County in the state of Georgia at all relevant times. During PLAINTIFF'S employment as a Certified Nursing Assistant, she worked as an hourly employee at the Renaissance on Peachtree.

4. Upon information and belief, DEFENDANT Leisure Care LLC is a Washington corporation with a principal place of business at 1601 Fifth Avenue, Suite 1900, Seattle, Washington 98101. DEFENDANT Leisure Care LLC's

registered agent is National Corporate Research Ltd., 1780 Barnes Blvd. SW, Tumwater, Washington 98512-0410. At all relevant times, DEFENDANT Leisure Care LLC was a corporation doing business in the Northern District of Georgia.

5. Upon information and belief, DEFENDANT Retirement Corporation of America Partners, L.P. is a Georgia corporation with a principal place of business at 3442 Francis Road, Suite 230, Alpharetta, Georgia 30004-3852. DEFENDANT Retirement Corporation of America Partners' registered agent is Lori Kinney, 3442 Francis Road, Alpharetta, Georgia 30004. At all relevant times, DEFENDANT Retirement Corporation of America Partners was a corporation doing business in the Northern District of Georgia.

6. Upon information and belief, DEFENDANT Formation Development Group, LLC is a Delaware corporation with a principal place of business at 1075 A Powers Place, Alpharetta, Georgia 30009. DEFENDANT Formation Development Group, LLC's registered agent is CT Corporation Systems, 1201 Peachtree Street NE, Atlanta, Georgia 30361. At all relevant times, DEFENDANT Formation Development Group, LLC was a corporation doing business in the Northern District of Georgia.

7. Upon information and belief, DEFENDANT The Carlyle Group L.P. is a Delaware corporation with a principal place of business at 1001 Pennsylvania

Avenue, NW, Suite 220 South, Washington DC 20004-2505.  The Carlyle Group L.P.'s registered agent is The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.  At all relevant times, DEFENDANT The Carlyle Group L.P. was a corporation doing business in the Northern District of Georgia.

8. Upon information and belief, DEFENDANT HR One Services, Inc. is a Georgia corporation with a principal place of business at 2030 Powers Ferry Road, Suite 120, Atlanta, Georgia 30339.  HR One Services, Inc.'s registered agent is J. Richard Hicks, 2030 Powers Ferry Road, Suite 120, Atlanta, Georgia 30339.  At all relevant times, DEFENDANT HR One Services, Inc. was a corporation doing business in the Northern District of Georgia.

9. Upon information and belief, DEFENDANTS Formation Development Group and The Carlyle Group acquired the Renaissance on Peachtree from DEFENDANT Retirement Corporation of America Partners on or about April 3, 2012.  DEFENDANT Leisure Care has been and continues to be the manager of the property.  DEFENDANT HR One Services, Inc. is a professional employer organization that employs and has employed PLAINTIFF and/or Class Members.

10. Upon information and belief, DEFENDANTS Formation Development Group, The Carlyle Group, and Leisure Care were and are joint

4

employers of PLAINTIFF and/or Class Members following the acquisition of Renaissance on Peachtree, and DEFENDANTS Retirement Corporation of America and HR One Services, Inc. were joint employers of PLAINTIFF and/or Class Members prior to the acquisition.

11.     Upon information and belief, DEFENDANTS Formation Development Group, The Carlyle Group, and Leisure Care had knowledge of Renaissance on Peachtree's business operations prior to the acquisition as a result of conducting their due diligence examination of the business prior to the acquisition.

12.     Upon information and belief, there was a continuity of business operations and of the auto-deduction policy and practice at issue in this lawsuit following the acquisition.  Indeed, the same facility – Renaissance on Peachtree – was used both before and after the acquisition, the same jobs existed under substantially the same working conditions both before and after the acquisition, and the workforce used both before and after the acquisition was substantially the same.

13.     Upon information and belief, DEFENDANTS Formation Development Group, The Carlyle Group, and Leisure Care were aware of the auto deduction policy and practice at issue in this lawsuit prior to the acquisition.

14. Upon information and belief, DEFENDANTS Formation Development Group, The Carlyle Group, and Leisure Care were aware that Certified Nursing Assistants had ongoing patient care obligations that required interruptions during and/or the performance of compensable work during their "meal breaks."

## *COLLECTIVE ACTION ALLEGATIONS*

15. The term "Class Members" as used in this Complaint refers to those additional persons represented by Plaintiff pursuant to the collective action provision of 29 U.S.C. § 216(b).

16. The Class is defined as:

> For the period since June 6, 2009: All Certified Nursing Assistants who worked at Renaissance on Peachtree and whose pay was subject to an automatic meal break deduction even when those persons performed compensable work during such unpaid "meal break."

17. PLAINTIFF seeks to bring all claims arising under the Fair Labor Standards Act ("FLSA") on behalf of herself individually and all other similarly situated employees of DEFENDANTS who worked in any pay period falling within three chronological years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered in this action and who timely file (or have already filed) a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b).

18. PLAINTIFF brings this case as a collective action for all Class Members, as defined above in paragraph 16, pursuant to the collective-action provision of 29 U.S.C. § 216(b). PLAINTIFF consents to participate in this collective action. Her consent is attached hereto as Exhibit 1 and is a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c). The consents of other similarly situated individuals to participate in this lawsuit may be filed with the Court from time to time as they opt-in to this litigation, pursuant to 29 U.S.C. § 216(b).

## *FACTUAL ALLEGATIONS*

19. At all relevant times, DEFENDANTS have operated the Renaissance on Peachtree in Atlanta, Georgia, at which PLAINTIFF and the Class Members were employed and paid hourly as Certified Nursing Assistants.

20. At all relevant times, DEFENDANTS were "employers" within the meaning of 29 U.S.C. § 203(d).

21. At all relevant times, DEFENDANTS were not exempt from the overtime obligations of an "employer" under the FLSA, 29 U.S.C. § 201 *et seq.*

22. At all relevant times, DEFENDANTS employed PLAINTIFF and the Class Members as employees and therefore DEFENDANTS were "employers" within the meaning of 29 U.S.C. § 203(d) and not exempt under the FLSA.

23. At all relevant times, DEFENDANTS were enterprises engaged in commerce within the meaning of 29 U.S.C. 203(s)(1), because DEFENDANTS had employees engaged in commerce, and because DEFENDANTS' annual gross volumes of sales made was more than $500,000.

24. Throughout their employment, PLAINTIFF and the Class Members were employees engaged in commerce and were employed by an enterprise engaged in commerce within the meaning of the FLSA and therefore are expressly covered by the protections of the 29 U.S.C. § 207(a)

25. Throughout their employment, PLAINTIFF and the Class Members worked at DEFENDANTS' Renaissance on Peachtree facility in Atlanta, Georgia, during which time they performed the duties of Certified Nursing Assistants.

26. Throughout their employment, PLAINTIFF and the Class Members were paid an hourly wage.

27. Throughout their employment, PLAINTIFF and the Class Members were classified as and were non-exempt employees within the meaning of the FLSA.

### *Defendants Failed To Pay For All Of The Hours Worked*

28. DEFENDANTS maintained a policy for their Certified Nursing Assistants by which DEFENDANTS' computerized time and attendance system

automatically deducted either thirty minutes or one hour of time per day that represented a supposed "meal break."  The difference in the deductions depended on whether the Certified Nursing Assistant was working an eight or a twelve hour shift.

29. While working for DEFENDANTS, PLAINTIFF and the Class Members were regularly required to perform compensable work during unpaid "meal breaks."  PLAINTIFF and the Class Members were expected to eat with little or no change in demands from patients or relief by additional staff.  They were required to constantly monitor their radios and, often times, they were required to respond to pages and requests by patients, co-workers, and management during their unpaid "meal breaks."

30. DEFENDANTS did not prohibit PLAINTIFF and the Class Members from working during their "meal breaks" and routinely suffered or permitted PLAINTIFF and the Class Members to perform such work.  Nor did they ensure that PLAINTIFF and the Class Members were completely relieved of their work duties during their uncompensated "meal breaks."

31. Given the demands of the position, DEFENDANTS knew that in order to accomplish the tasks that they assigned to PLAINTIFF and the Class Members, PLAINTIFF and the Class Members had to work through their unpaid

"meal breaks." Indeed, DEFENDANTS knew that PLAINTIFF and the Class Members often performed compensable work for DEFENDANTS during their uncompensated "meal breaks" because PLAINTIFF and Class Members performed work for DEFENDANTS, on DEFENDANTS' premises, in plain sight, and often at management's request (and at times in view of management) during their unpaid "meal breaks."

32. Even though DEFENDANTS knew that PLAINTIFF and Class Members were working during "meal breaks," DEFENDANTS failed to compensate PLAINTIFF and Class Members for their work, electing instead to accept the benefits of PLAINTIFF'S and the Class Members' uncompensated work.

33. Thus, PLAINTIFF and the Class Members routinely worked over forty (40) hours per week, yet they were not compensated for all of the hours that they actually worked.

## CLAIM AGAINST THE DEFENDANTS

*Count 1 – 29 U.S.C. § 207*

**(Overtime Compensation Due Under the FLSA)**

34. PLAINTIFF re-alleges paragraphs 1 to 33 above and incorporates them by reference as if fully set forth herein.

35.  By engaging in the above-described conduct, DEFENDANTS violated the FLSA with respect to PLAINTIFF and the Class Members in failing to pay them for all of the hours that they actually worked when DEFENDANTS automatically deducted thirty minutes or one hour in time from their compensation on the basis of "meal breaks."

36.  By engaging in the above-described conduct, DEFENDANTS violated the FLSA with respect to PLAINTIFF and the Class Members in failing to pay them wages at a rate of 1.5 times their regular rate for hours worked in excess of forty hours per week, in violation of 29 U.S.C. § 207.

37.  As a result of DEFENDANTS' failure to record, report, credit, and/or compensate PLAINTIFF and the Class Members, DEFENDANTS have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

38.  By engaging in the above-described conduct, DEFENDANTS willfully violated the FLSA with respect to PLAINTIFF and the Class Members.

39.  As a direct and proximate result of the above-described conduct, PLAINTIFF and the Class Members have lost wages.

40.     Due to DEFENDANTS' FLSA violations, PLAINTIFF and the Class Members are entitled to recover from DEFENDANTS their unpaid overtime compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court do the following:

1. Issue a declaratory judgment that DEFENDANTS have engaged in unlawful employment practices in violation of the FLSA with respect to PLAINTIFF and the Class Members;

2. Require DEFENDANTS to pay PLAINTIFF and the Class Members for lost compensation including unpaid compensation due to DEFENDANTS' automatic thirty minute or one hour "meal break" deductions;

3. Require DEFENDANTS to pay PLAINTIFF and the Class Members liquidated damages as provided for under the FLSA;

4. Award PLAINTIFF and the Class Members their reasonable attorneys' fees and costs and expenses of suit arising from DEFENDANTS' violations under the FLSA;

5. Permit a trial by jury on all issues so triable; and

6. Provide such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

**PLAINTIFF** hereby demands a jury trial on all claims for which she has a right to a jury.

DATED: June 6, 2012

       By s/ Andrew L. Weiner_____
          Andrew L. Weiner
          Georgia Bar No. 808278
          THE WEINER LAW FIRM LLC
          3525 Piedmont Road
          7 Piedmont Center
          3rd Floor
          Atlanta, GA  30305
          (404) 254-0842 (Tel. & Fax)
          aw@andrewweinerlaw.com

          C. Andrew Head
          Georgia Bar No. 341472
          FRIED & BONDER, LLC
          White Provision, Ste. 305
          1170 Howell Mill Rd., NW
          Atlanta, GA 30318
          (404) 995-8808 (Tel.)
          (404) 995-8899  (Fax)
          ahead@friedbonder.com

          COUNSEL FOR PLAINTIFF